**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ENELE MAAFU TUIFAGALELE, | No. 13-71030 |
| Petitioner, | Agency No. A078-185-527 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 18, 2015
San Francisco, California

Before: KLEINFELD, WARDLAW, and PAEZ, Circuit Judges.

Enele Ma'afu Tuifagalele petitions for review of the Board of Immigration

Appeals' (BIA's) February 22, 2013 decision denying his motion to reopen as

untimely and unexcused by changed country conditions in Fiji. *See* 8 C.F.R.

§ 1003.2(c)(3)(ii). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant

the petition.

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

"We review denials of motions to reopen for abuse of discretion, and defer to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law." *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (citations omitted). The BIA abuses its discretion "when it fails to provide a reasoned explanation for its actions." *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014) (citation omitted). The BIA must consider all "potentially dispositive testimony and documentary evidence," and if it fails to do so, its decision "cannot stand." *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011). "[O]ur review is limited to the actual grounds relied upon by the BIA." *Najmabadi*, 597 F.3d at 986.

The BIA abused its discretion by failing to fully consider all of the evidence submitted by Tuifagalele in support of his motion to reopen. This evidence included Tuifagalele's declaration, the expert report of Dr. Steven Ratuva ("Ratuva Report"), a 2011 State Department Country Report, and letters from Loruama Tawawili and Jesoni Vitusagavulu. The BIA cryptically referenced the tab numbers at which this evidence appeared, but where, as here, there is "any indication that the BIA did not consider all of the evidence before it, a catchall phrase does not suffice." *Cole*, 659 F.3d at 771–72.

The BIA did not address the Ratuva Report at all. It mischaracterized Tuifagalele's evidence as showing "general unrest," and failing to demonstrate an individualized threat of persecution. However, the Ratuva Report demonstrated just that. Dr. Ratuva opined that, if Tuifagalele returned to Fiji, he faced an individualized threat of persecution because of his extensive military background, including experience with explosives; his opposition to the new regime; and his application for asylum in the United States. This report, fully considered, contains evidence of changed country conditions that materially affect Tuifagalele's eligibility for asylum, withholding of removal, or CAT relief, and may lead the BIA to grant his motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008).

The BIA's decision on a motion to reopen is ultimately within its discretion. *See Najmabadi*, 597 F.3d at 986. Here, the BIA did not properly exercise that discretion. We therefore grant the petition for review, and remand to the BIA so it may consider all of Tuifagalele's evidence of changed country conditions.

**PETITION GRANTED.**